ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Mylene Will Company LLC ) | ASBCA No. 58332 |
| ) | |
| Under Contract No. W9128F-12-P-0041 ) | |

APPEARANCE FOR THE APPELLANT: Mr. Greg Sullivan
Operations Manager

APPEARANCES FOR THE GOVERNMENT: Thomas H. Gourlay, Jr., Esq.
Engineer Chief Trial Attorney
Melissa M. Head, Esq.
Engineer Trial Attorney
U.S. Army Engineer District, Omaha

OPINION BY ADMINISTRATIVE JUDGE YOUNGER
ON ORDER TO SHOW CAUSE WHY APPEAL SHOULD NOT BE DISMISSED

In this appeal regarding a construction contract, appellant Mylene Will Company LLC (Mylene Will or appellant) seeks to have the termination for default of its contract converted to a no-cost termination. After the pleadings were filed, both parties advised the Board that they elected to have the appeal decided on the record under Board Rule 11.

On the basis of that advice, the Board promulgated a schedule for the disposition of the appeal by order dated 22 March 2013. The order set forth six deadlines, as follows:

(a) 15 May 2013: conclusion of discovery;

(b) 10 June 2013: supplementation of the record;

(c) 28 June 2013: filing and service of rebuttal evidence;

(d) 15 July 2013: filing and service of opening briefs; and

(e) 31 July 2013: filing and service of optional reply briefs.

The order provided that "[a]ny filing not made in a timely manner may be deemed waived."

The record reflects that appellant failed to comply with any of the deadlines set forth in the Board's 22 March 2013 order. Accordingly, by date of 14 August 2013, the Board ordered appellant to show cause why this appeal should not be dismissed pursuant to Board Rule 31. The Board's order stated that the file "reflects no compliance with any of the dates" set forth in the scheduling order, and directed appellant to show cause by or before 20 September 2013. Appellant failed to respond to the show cause order.

The Board thereafter issued a further show cause order by certified mail – return receipt requested on 5 February 2014. In this further order, the Board advised appellant that it "intend[ed] to dismiss this appeal with prejudice pursuant to Rule 31 unless appellant show[ed] cause, by or before 20 February 2014, why the Board should not do so, and unless appellant furnishes the Board with a schedule for the further prosecution of the appeal." According to its records, the Postal Service attempted delivery on 8 February 2014, and that the order has been "[a]vailable for [p]ickup" by appellant since that date. In any event, appellant did not show cause by 20 February 2014, nor did it furnish a schedule for the further prosecution of the appeal.

Our authority to take appropriate action for a party's failure to proceed with an appeal is derived from Board Rule 31. It provides, in part, that:

> Whenever a record discloses the failure of either party to file documents required by these Rules, respond to notices or correspondence from the Board, comply with orders of the Board, or otherwise indicates an intention not to continue the prosecution or defense of an appeal, the Board may, in the case of a default by the appellant, issue an order to show cause why the appeal should not be dismissed.… If good cause is not shown, the Board may take appropriate action.

In turn, Board Rule 35 provides for discretionary sanctions where a party "fails or refuses to obey an order issued by the Board." The "appropriate action" referenced in Board Rule 31, and one of the sanctions contemplated by Board Rule 35, may include a dismissal with prejudice. *E.g., Government Therapy Servs., Inc.*, ASBCA No. 53972, 04-2 BCA ¶ 32,774 at 162,063.

"Following the filing of an appeal with the Board, a contractor has an obligation to demonstrate a meaningful effort to prosecute the appeal," *Tech-Tron Constructors*, ASBCA No. 46367, 97-1 BCA ¶ 28,746 at 143,478, but the present record reflects no real effort to do so after the Board's scheduling order. The Board's file reflects no discovery, no supplementation of the record, and no submission of rebuttal evidence. Appellant also did not file either an opening or reply brief. Appellant's only manifestation of interest in this appeal during the past year has been to submit official records to show that its representative satisfied the requirements of Board Rule 26. This

filing can hardly be deemed prosecution of the appeal in the face of appellant's noncompliance with the deadlines in the scheduling order.

If there were an excuse for this nonprosecution, appellant has twice failed to proffer it. An order to show cause "is intended to give appellant the opportunity to explain the circumstances surrounding its failure to move the appeal forward before it is dismissed." *Government Therapy Servs.*, 04-2 BCA ¶ 32,774 at 162,063. The Board twice afforded appellant opportunities to explain its conduct of the appeal with the 14 August 2013 order to show cause and the 5 February 2014 further order to show cause, respectively. Appellant did not respond to either order.

We have recognized that "dismissal with prejudice…is a harsh measure operating as an adjudication on the merits, and we employ it sparingly." *Generator Technologies, Inc.*, ASBCA No. 53206, 03-1 BCA ¶ 32,058 at 158,461 (quoting *David's Econo-Move, Inc.*, ASBCA Nos. 49105, 49562, 00-1 BCA ¶ 30,621 at 151,156). Viewing the record before us, however, we can only conclude that dismissal with prejudice is warranted here.

## CONCLUSION

The appeal is dismissed with prejudice pursuant to Board Rule 31.

Dated: 18 March 2014

ALEXANDER YOUNGER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58332, Appeal of Mylene Will Company LLC, rendered in conformance with the Board's Charter.

Dated:

<div style="margin-left:50%">

_____

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

</div>

4